**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

GEOVEL PINETA LEON                              *
101 Muse Drive
Winchester, Virginia 22603                      *

       Plaintiff,                          *

v.                                              *

TRIPLE T TRANSPORTATION SERVICE LLC             *
a/k/a TRIPLE T TRANSPORTATION SERVICE
LIMITED LIABILITY COMPANY                       *        Civil Action No.:
59 Garrison Circle
Willingboro, New Jersey 08046                   *

       Serve On:  Resident Agent            *
       Teyonia Barnes
       59 Garrison Circle                   *
       Willingboro, New Jersey 08046
                                            *
and
                                            *

ANTHONY A. BARNES                               *
59 Garrison Circle
Willingboro, New Jersey 08046                   *

and                                             *

GOOD PAINTER LLC                                *
20553 Summersong Lane
Germantown, Maryland 20874                      *

       Serve On: Registered Agent           *
       Andrey Eliseev
       20553 Summersong Lane                *
       Germantown, Maryland 20874           *

and                                             *

ANDREY A. ELISEEV                               *
20553 Summersong Lane
Germantown, Maryland 20874                      *

and                                             *

JAIME CABRERA RALDA                          *
101 Muse Drove
Winchester, Virginia 22603                   *

and                                          *

HUGO MONTER-ORTEGA                           *
100 Pyramid Drive
Winchester, Virginia  22603                  *

      Defendants.                          *

    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Geovel Pineta Leon, by and through his counsel, Steven H. Heisler, Esquire, and the Law Offices of Steven H. Heisler, and sues Defendants, Triple T Transportation Service LLC, Anthony A. Barnes, Good Painter LLC, Andrey A. Eliseev, Jaime Cabrera Ralda and Hugo Monter-Ortega, and as causes of action states:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332; as this case involves diversity of citizenship and the amount in controversy exceeds $75,000.

2.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

3.    Venue is proper in and Defendants are subject to the personal jurisdiction of this Court because all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

**PARTIES & VENUE**

4.      Plaintiff, Geovel Pineta Leon (hereinafter referred to as "Leon"), is a resident of the State of Virginia.

5.      Upon information and belief, Defendant, Triple T Transportation Service LLC (hereinafter referred to as "Triple T"), is a New Jersey corporation with its principal place of business in Willingboro, New Jersey.

6.      Upon information and belief, Defendant, Anthony A. Barnes (hereinafter referred to as "Barnes"), is a resident of the State of New Jersey.

7.      Upon information and belief, Defendant, Good Painter LLC (hereinafter referred to as "Good Painter"), is a Maryland corporation with its principal place of business in Germantown, Maryland.

8.      Upon information and belief, Defendant, Andrey A. Eliseev, (hereinafter referred to as "Eliseev"), is a resident of the State of Maryland.

9.      Upon information and belief, Defendant, Jaime Cabrera Ralda, (hereinafter referred to as "Ralda"), is a resident of the State of Virginia.

10.      Upon information and belief, Defendant, Hugo Monter-Ortega, (hereinafter referred to as "Ortega"), is a resident of the State of Virginia.

11.      The occurrence took place in Montgomery County, Maryland.

12.      Venue is proper in the United States District Court for the District of Maryland due to diversity jurisdiction.

**FACTS**

13.      On September 8, 2020, the Plaintiff was traveling westbound on the Capital Beltway, I-495 as a passenger in a vehicle being operated by Defendant Ralda, and owned by Defendant Ortega, near its intersection with University Boulevard East in Montgomery County, Maryland.

14.      At the same time, Freightliner cab and semi-trailer owned by Defendant Triple T, and

operated by Defendant Barnes, was stopped on the right side of the roadway, partially on the right shoulder, after the road had narrowed to four (4) through lanes from a merge area where vehicles entered the interstate from New Hampshire Avenue, with the rear of the trailer protruding into lane four.

15.     At the same time, a phantom vehicle travelling in lane 3 attempted to change lanes into lane 4 where Defendant Ralda's vehicle was already established.  Defendant Ralda, in an attempt to avoid being hit by the phantom vehicle, moved his vehicle as far right in lane four to avoid being struck.  At that time, Defendant Ralda collided with Defendant Triple T's vehicle.

16.     Shortly thereafter, a motor vehicle owned by Defendant, Painter, and operated by Defendant, Eliseev, which was travelling behind the vehicle operated by Defendant Ralda, suddenly and without warning collided into the rear of Defendant's vehicle in which Plaintiff Leon was a passenger.

17.     Plaintiff Leon sustained severe serious personal injuries.

<u>**COUNT I- NEGLIGENCE**</u>
**(Anthony A. Barnes)**

18.     Plaintiff hereby incorporate paragraphs No. 1 through 17 above of this Complaint fully as if the allegations were set forth fully herein.

19.     That Defendant Barnes, owed a duty to Plaintiff Leon, as well as all other motorists, passengers and pedestrians on or off the roadways to operate his vehicle in a lawful, careful and prudent manner, with that degree of care then and there required under the circumstances as they existed, and to operate the vehicle with that degree of care and skill which a reasonable and prudent person would exercise.

20.     That Defendant Barnes breached said duty owed to Plaintiff Leon when the driver of the vehicle:

        A. Failed to keep safe and proper lookout for other vehicles;

B. Failed to keep his vehicle in its lane; and

C. Was in other respects negligent, careless and reckless.

21.     As a direct approximate cause of the negligence of Defendant Barnes, Plaintiff suffered from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future and past medical and future medical expenses.

22.     That as the direct, natural and proximate cause of the negligence of Defendant Barnes, Plaintiff was caused to sustain and suffer severe and painful physical injuries to his body; was caused to sustain and suffer severe shock and injury to his nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

23.     That as the further direct, natural and proximate cause of the negligence of Defendant Barnes, Plaintiff was caused to undergo extensive medical care and treatment of his injuries, and was caused to incur great expense for the requisite care and treatment of his injuries, and will in the future continue to incur such medical expenses.

24.     That as the further direct, natural and proximate cause of the negligence of Defendant Barnes, Plaintiff was caused to lose time and wages from his employment, and will in the future continue to lose time and wages.

25.   That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Barnes, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

26.     WHEREFORE, the Plaintiff, Geovel Pineta Leon, prays that judgment be entered against the Defendant, Anthony A. Barnes, jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) in damages.

## Count II— AGENCY
**(Triple T Transportation Service LLC)**

27.    Plaintiffs hereby incorporates paragraphs No. 1 through 26 of this Complaint as if set forth fully herein.

28.    The above-described acts of Defendant Barnes were committed while he was acting as an agent, servant and or employee of Defendant Triple T.

29.    The above-described acts of Defendant Barnes were committed within the scope of his agency.

30.    As the principals for Defendant Barnes, Defendant Triple T is responsible for all of the acts committed by Defendant Barnes within the scope of his agency.

WHEREFORE, the Plaintiff, Geovel Pineta Leon, Jr., prays that judgment be entered against the Defendant Triple T Transportation Service LLC, jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) in damages.

## COUNT III- NEGLIGENCE
**(Andrey A. Eliseev)**

31.    Plaintiff hereby incorporate paragraphs No. 1 through 30 above of this Complaint fully as if the allegations were set forth fully herein.

32.    That Defendant Eliseev, owed a duty to Plaintiff Leon, as well as all other motorists, passengers and pedestrians on or off the roadways to operate his vehicle in a lawful, careful and prudent manner, with that degree of care then and there required under the circumstances as they existed, and to operate the vehicle with that degree of care and skill which a reasonable and prudent person would exercise.

33.    That Defendant Eliseev breached said duty owed to Plaintiff Leon when the driver of the vehicle:

A. Failed to keep safe and proper lookout for other vehicles;

B. Failed to yield the right of way;

C. Failed to maintain proper control of the vehicle;

D. Failed to avoid the accident;

E. Failed to drive in a safe and reasonable manner; and

F. Was in other respects negligent, careless and reckless.

34. As a direct approximate cause of the negligence of Defendant Eliseev, Plaintiff suffered from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future and past medical and future medical expenses.

35. That as the direct, natural and proximate cause of the negligence of Defendant Eliseev, Plaintiff was caused to sustain and suffer severe and painful physical injuries to his body; was caused to sustain and suffer severe shock and injury to his nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

36. That as the further direct, natural and proximate cause of the negligence of Defendant Eliseev, Plaintiff was caused to undergo extensive medical care and treatment of his injuries, and was caused to incur great expense for the requisite care and treatment of his injuries, and will in the future continue to incur such medical expenses.

37. That as the further direct, natural and proximate cause of the negligence of Defendant Eliseev, Plaintiff was caused to lose time and wages from his employment, and will in the future continue to lose time and wages.

38. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Eliseev, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

39. WHEREFORE, the Plaintiff, Geovel Pineta Leon, prays that judgment be entered against the Defendant, Andrey A. Eliseev, jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) in damages.

## Count IVAGENCY
**(Good Painter LLC)**

40.     Plaintiffs hereby incorporates paragraphs No. 1 through 39 of this Complaint as if set forth fully herein.

41.     The above-described acts of Defendant Eliseev were committed while he was acting as an agent, servant and or employee of Defendant Painter.

42.     The above-described acts of Defendant Eliseev were committed within the scope of his agency.

43.     As the principals for Defendant Eliseev, Defendant Painter is responsible for all of the acts committed by Defendant Eliseev within the scope of his agency.

WHEREFORE, the Plaintiff, Geovel Pineta Leon, Jr., prays that judgment be entered against the Defendant Good Painter LLC, jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) in damages.

## COUNT V- NEGLIGENCE
**(Jaime Cabrera Ralda)**

64.     Plaintiff hereby incorporate paragraphs No. 1 through 43 above of this Complaint fully as if the allegations were set forth fully herein.

45.     That Defendant Ralda, owed a duty to Plaintiff Leon, as well as all other motorists, passengers and pedestrians on or off the roadways to operate his vehicle in a lawful, careful and prudent manner, with that degree of care then and there required under the circumstances as they existed, and to operate the vehicle with that degree of care and skill which a reasonable and prudent person would exercise.

46.     That Defendant Ralda breached said duty owed to Plaintiff Leon when the driver of the vehicle:

A. Failed to keep safe and proper lookout for other vehicles;

B. Failed to yield the right of way;

C. Failed to maintain proper control of the vehicle;

D. Failed to avoid the accident;

E. Failed to drive in a safe and reasonable manner; and

F. Was in other respects negligent, careless and reckless.

47.    As a direct approximate cause of the negligence of Defendant Ralda, Plaintiff suffered from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future and past medical and future medical expenses.

48.    That as the direct, natural and proximate cause of the negligence of Defendant Ralda, Plaintiff was caused to sustain and suffer severe and painful physical injuries to his body; was caused to sustain and suffer severe shock and injury to his nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

49.    That as the further direct, natural and proximate cause of the negligence of Defendant Ralda, Plaintiff was caused to undergo extensive medical care and treatment of his injuries, and was caused to incur great expense for the requisite care and treatment of his injuries, and will in the future continue to incur such medical expenses.

50.    That as the further direct, natural and proximate cause of the negligence of Defendant Ralda, Plaintiff was caused to lose time and wages from his employment, and will in the future continue to lose time and wages.

51.   That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Ralda, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

52.    WHEREFORE, the Plaintiff, Geovel Pineta Leon, prays that judgment be entered against the Defendant, Jaime Cabrera Ralda, jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) in damages.

## Count VI – AGENCY
### (Hugo Monter-Ortega)

53.   Plaintiffs hereby incorporates paragraphs No. 1 through 52 of this Complaint as if set forth fully herein.

54.   The above-described acts of Defendant Ralda were committed while he was acting as an agent, servant and or employee of Defendant Ortega.

55.   The above-described acts of Defendant Ralda were committed within the scope of his agency.

56.   As the principals for Defendant Ralda, Defendant Ortega is responsible for all of the acts committed by Defendant Ralda within the scope of his agency.

WHEREFORE, the Plaintiff, Geovel Pineta Leon, Jr., prays that judgment be entered against the Defendant Hugo Monter-Ortega, jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) in damages.

Respectfully submitted,

/s/ Steve Heisler
Steven H. Heisler, Esquire
Attorney Code 08698
Law Offices of Steven H. Heisler
1011 N. Calvert Street
Baltimore, Maryland 21202
(410) 625-4878 (office)
410-659-7111 (fax)
sheisler@injurylawyermd.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| GEOVEL PINETA LEON | * | |
| 101 Muse Drive | | |
| Winchester, Virginia 22603 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | |
| | | |
| TRIPLE T TRANSPORTATION SERVICE LLC | * | |
| a/k/a TRIPLE T TRANSPORTATION SERVICE | | |
| LIMITED LIABILITY COMPANY | * | Civil Action No.: |
| 59 Garrison Circle | | |
| Willingboro, New Jersey 08046 | * | |
| | | |
| Serve On:  Resident Agent | * | |
| Teyonia Barnes | | |
| 59 Garrison Circle | * | |
| Willingboro, New Jersey 08046 | | |
| | * | |
| and | | |
| | * | |
| ANTHONY A. BARNES | * | |
| 59 Garrison Circle | | |
| Willingboro, New Jersey 08046 | * | |
| | | |
| and | * | |
| | | |
| GOOD PAINTER LLC | * | |
| 20553 Summersong Lane | | |
| Germantown, Maryland 20874 | * | |
| | | |
| Serve On: Registered Agent | * | |
| Andrey Eliseev | | |
| 20553 Summersong Lane | * | |
| Germantown, Maryland 20874 | | |
| | * | |
| and | * | |
| | | |
| ANDREY A. ELISEEV | * | |
| 20553 Summersong Lane | | |
| Germantown, Maryland 20874 | * | |
| | | |
| and | * | |

JAIME CABRERA RALDA                    *
101 Muse Drove
Winchester, Virginia 22603             *

and                                    *

HUGO MONTER-ORTEGA                     *
100 Pyramid Drive
Winchester, Virginia  22603            *

         Defendants.                   *

   *      *      *      *      *      *      *      *      *      *      *

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial in the within-entitled action.


                              Respectfully submitted,


                              /s/ Steve Heisler
                              Steven H. Heisler, Esquire
                              Attorney Code 08698
                              Law Office of Steven H. Heisler
                              1011 North Calvert Street
                              Baltimore, Maryland 21202
                              sheisler@injurylawyermd.com
                              (410) 625-4878 – Office
                              (410) 659-7111 – Facsimile
                              *Counsel for Plaintiff*