IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GEOVEL PINETA LEON,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-23-1201 |
| **TRIPLE T TRANSPORTATION SERVICE, LLC,** *et al.*, | * | |
| | * | |
| **Defendants.** | | |

## MEMORANDUM OPINION

Geovel Pineta Leon brings claims of negligence and agency against Triple T Transportation Service, LLC and five other defendants based on injuries Leon sustained in a motor vehicle accident. ECF 1. Leon seeks in excess of $75,000 in damages. The complaint does not adequately plead the basis for this Court's subject matter jurisdiction. Accordingly, this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

A federal district court does not hear all cases. Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action."). The party filing suit in this Court bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96.

This Court has diversity jurisdiction, with certain class action exceptions not relevant here, when there is "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  For purposes of determining whether there is diversity, a natural person is deemed a citizen of the State in which he or she is domiciled.  *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998).  A corporation is deemed a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  An unincorporated association is deemed a citizen of any state in which any of its members is a citizen.  *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir. 1983).

Leon filed this suit based on diversity jurisdiction, but on the face of the complaint, there is not complete diversity of the parties.  ECF 1; ECF 1-1.  Leon provides Virginia addresses for himself and two of the six defendants, Jaime Cabrera Ralda and Hugo Monter-Ortega.  Thus, for purposes of diversity jurisdiction, Leon and these defendants appear to be citizens of Virginia.  Leon has not met his burden to show complete diversity of citizenship among the parties.  Moreover, Leon has failed to establish any other basis for federal jurisdiction, as he brings only state law claims and does not present a federal question.  Accordingly, the Court must dismiss the complaint without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  This dismissal does not prejudice Leon's right to present this claim in an appropriate state court.  A separate Order follows.

<u>May 12, 2023</u>
Date

_____
Deborah L. Boardman
United States District Judge